IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLORD WELLS, | ) | CASE NO. 1:15 CV 951 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELE MILLER, WARDEN | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral,[1] is the *pro se* petition of Ellord Wells for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Wells is currently serving an eleven year prison sentence imposed after a guilty plea to a 2012 Cuyahoga County Common Pleas Court charge of rape.[3] He is currently incarcerated by the State of Ohio at the Lorain Correctional Institution in Grafton, Ohio.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster by non-document order entered on June 8, 2015.

[2] ECF # 14.

[3] ECF # 11, Attachment 1 (state court record) at 24; *see* R.C. 2907.02(A)(2).

[4] Ohio Department of Corrections www.drc.ohio.gov/offendersearch.

In his initial petition, Wells raised three grounds for relief.[5]  The State, in its return of the writ, contends that all three grounds should be denied after AEDPA review.[6]  In his amended petition, Wells raises two grounds for relief.[7] The State, in its return of the writ, contends that both grounds should dismissed as procedurally defaulted.[8]  Wells has filed a traverse to each return of the writ.[9]

For the reasons that follow, I will recommend that Wells's petition be denied and his amended petition be dismissed as procedurally defaulted.

## Course of Proceedings

### A.    Underlying facts, trial, and sentence

Since a guilty plea served as the basis for Wells's conviction, the state appeals court found no facts. The following facts come from the record provided by the petitioner and respondent.

P.H., the victim, was walking home intoxicated[10] after dark on April 15, 2012.  While crossing a field, she was pulled down onto her back from behind and raped.[11] Thereafter,

---

[5] ECF #1.

[6] ECF #10.

[7] ECF # 14 at 5-8.

[8] ECF # 21 at 12.

[9] ECF # 12, 25, and 30 (amended traverse).

[10] ECF # 25, Attachment 7 (initial police reports) at 7.

[11] *Id.* at 8 (police detectives interview with victim); *contra* ECF # 25, Attachment # 7, at 7 (police report from initial responders indicates victim stated she was pushed onto her

P.H. returned home and called Metro Hospital.[12]  She was interviewed by the police and taken to the hospital by E.M.S., where the hospital staff  administered a rape kit.[13] The rape kit resulted in the recovery of DNA evidence.[14]

Wells was indicted for rape and kidnaping, with firearm and sexual predator specifications, in January of 2013.[15]  Wells initially pleaded not guilty in the Cuyahoga County Common Pleas Court.[16]  In an exchange for a guilty plea the kidnaping charge and specifications were dropped.[17]  Wells accepted the plea agreement and changed his plea to guilty.[18]   On July 1, 2015, he was sentenced to eleven years in prison to be served consecutively with a one-year sentence for a  violation of his probation.[19]

---

stomach).

[12] ECF # 11-1 at 39.

[13] ECF # 25, Attachment # 7 at 4.

[14] *See* ECF # 25, Attachment # 8 (supplementary police reports) at 2 (DNA match acquired through Ohio BCI lab analysis).

[15] ECF # 11-1 at 1.

[16] *Id.* at 16.

[17] *Id.* at 23-35.

[18] *Id.*

[19] *Id.* at 1.

**B.     Direct appeal**

**1.     *Ohio court of appeals***

Wells, *pro se*, filed an untimely notice of appeal 37 days after the expiration of the appeals period,[20] accompanied by a motion for leave to filed a delayed appeal.[21] The appellate court granted leave to filed a delayed appeal and appointed counsel to represent him.[22]  In his appellate brief, Wells raised two assignments of error:

> 1.     The sentence imposed by the trial court was contrary to law and an abuse of discretion.
>
> 2.     The trial court erred by considering other uncharged acts in sentencing appellant where appellant objected to the allegations contained in the PSI as being inaccurate and the court did not comply with Ohio Revised Code § 2951.03(B)(2) and (5).[23]

The state filed a brief in response.[24] The Ohio appeals court affirmed the conviction but reversed and remanded for resentencing.[25]

---

[20]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).

[21] ECF # 11 at 51 (notice of appeal); ECF # 11 at 56 (motion for leave to file delayed appeal).

[22] *Id*. at 65.

[23] *Id.* at 70.

[24] *Id.* at 85.

[25] *Id.* at 106.

## 2.    *Supreme Court of Ohio*

Wells, *pro se*, filed an untimely notice of appeal[26] and a motion for leave to file a delayed appeal in the Ohio Supreme Court[27]  Wells was denied the leave to file a delayed appeal by the Court.[28]

## 3.    *Resentencing*

On January 13, 2015, the trial court under the limited remand resentenced Wells to the same 11-year term imposed originally, but made the necessary findings on the record to impose a sentence consecutive to the probation violation sentence.[29] Wells did not timely appeal resentencing.[30]  Wells filed a notice of appeal and motion for leave to file delayed appeal.[31]  The appellate court denied Wells's motion for leave to file delayed appeal and dismissed the appeal.[32] Wells did not appeal the resentencing to the Ohio Supreme Court.

---

[26] *See* Ohio S.Ct.Prac.R. 2.2(A)(1)(a) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See also, Applegarth v. Warden,* 377 F.Appx.448,450(6[th]Cir.2010)(discussing 45 day limit)(unreported case).

[27] ECF # 11-1 at 127 (notice of appeal); *Id.* at 129 (motion for leave to file delayed appeal).

[28] ECF # 11-1 at 126.

[29] *Id.* at 193.

[30] *See* ECF #11-2 at 240.

[31] *Id*. at 241 (notice of appeal); *Id*. at 245 (motion for leave to file delayed appeal).

[32] *Id.* at 248.

**C.     Petitions for postconviction relief and motion for relief from judgment**

**1.     *Cuyahoga County Common Pleas Court***

While the direct appeal was pending, Wells filed a *pro se* petition for post-conviction relief in the trial court, claiming:

1.     Ineffective assistance of counsel

2.     Judicial bias at sentencing resulted in a due process violation.[33]

Wells filed a second *pro se* petition for post-conviction relief in the trial court claiming ineffective assistance of trial counsel.[34] The trial court denied both petitions without appeal.[35] Wells filed a *pro se* motion for relief from judgment under Ohio Civ.R. 60(b).[36] The trial court denied this motion without opinion.[37]  Wells did not appeal these adverse rulings,  and delayed appeal is not available.[38]

**D. Motions to withdraw guilty plea and motion to vacate void sentence**

**1.     *First motion***

While awaiting resentencing, Wells filed a *pro se* motion to withdraw guilty plea pursuant to Ohio Crim.R. 32.1, arguing that if the trial court complied with

---

[33] ECF # 11-1 at 148-51.

[34] *Id.* at 158-62.

[35] *Id.* At 165.

[36] *Id.* at 153-56.

[37] *Id.* at 157.

[38] See *Corethers v. Matia*, 767 F.2d 919 (1985)(unpublished), citing *State v. Nichols*, 11 Ohio St.3d 40 (1984) (no provision for delayed appeal in post-conviction relief cases).

-6-

Crim.R.11(C)(2)(a) and informed Wells of all the maximum penalties, he would not have pled guilty.[39] The state filed an opposition brief.[40] The trial court denied the motion without opinion.[41]

### 2.    Second motion

On November 24, 2014, Wells filed a second *pro se* motion to withdraw his guilty plea under Ohio Crim.R. 32.1, asserting the same claim as in the first motion.[42] The state filed an opposition brief.[43] The trial court denied the motion.[44]

### 3.    Third motion and motion to vacate void sentence

Wells filed a *pro se* motion to withdraw his guilty plea under Ohio Crim.R. 32.1.[45] He also filed a *pro se* motion to vacate void sentencing claiming that the trial court failed to indicate on the record that the imposed term was mandatory.[46] The trial court denied both motions without opinion.[47]

---

[39] ECF # 11-1 at 166.

[40] *Id.* at 169.

[41] *Id.* at 175.

[42] *Id.* at 176.

[43] *Id.* at 182.

[44] *Id.* at 192.

[45] ECF # 11-2 at 202.

[46] ECF # 11-1 at 197.

[47] ECF # 11-2 at 211-12.

4.      *Appeal of third motion to withdraw guilty plea and motion to vacate sentence*

Wells filed a timely *pro se* notice of appeal from the denial of his third motion to withdraw his guilty plea and the motion to vacate his sentence.[48] The court of appeals dismissed the appeal *sua sponte* because Wells failed to file the record as required by Ohio App.R. 3(A), and 10(A), and Local App.R. 10.[49]

**E.      App.R. 26(B) application to reopen appeal**

Wells filed a *pro se* application to reopen the initial direct appeal.[50] Wells raised three assignments of error in the memorandum in support of his application:

I.      Appellate counsel erred when he failed to raise how the trial court abused its discretion during penalty phase (judicial bias).

II.     The trial court erred when it failed to comply with Crim.R. 11(C)(2)(a) during plea hearing.

        The trial court erred when it failed to comply with R.C. 2929.19(B)(2)(a) and (B)(2)(b) during sentencing hearing.

III.    Trial counsel provided ineffective assistance of counsel in violation of defendant's wight to counsel, as protected by the 6th Amendment of the United States.

        Trial counsel rendered ineffective assistance when he failed to file any pretrial motion challenging defendant's fatally defective indictment, because the state omitted a material element of a charge.[51]

---

[48] *Id.* at 213.

[49] *Id.* at 221.

[50] *Id.* at 250.

[51] *Id*. at 252.

Wells requested leave to supplement his brief and amend his assignments of error,[52] which the court granted.[53] The state filed a memorandum in opposition to supplemental application and its opposition to the application for reopening.[54] The appellate court denied Wells application for reopening.[55] Wells timely appealed the denial with a notice of appeal and jurisdiction memorandum to the Ohio Supreme Court.[56] The Ohio Supreme Court declined jurisdiction[57] and then denied reconsideration.[58]

## F.    Federal habeus petition

### 1.    *Original petition*

On May 14, 2015, Wells, *pro se,* timely filed[59] a federal petition for habeas relief. In it, Wells raised three (3) grounds for relief:

> GROUND ONE:    Appellate counsel erred when he failed to raise how the trial court abused its discretion during the penalty phase (judicial bias).

---

[52] *Id.* at 262.

[53] ECF # 11-1 at 64.

[54] ECF # 11-2 at 267.

[55] *Id.* at 284.

[56] *Id.* at 290.

[57] *Id.* at 312.

[58] *Id.* at 316.

[59] ECF # 1. This petition was filed within one year of the conclusion of Wells's direct appeal in the Ohio courts prior to any addition of time to file certiorari and is therefore in compliance with 28 U.S.C. § 2254(d)(1) (2012).

GROUND TWO:      The trial court erred when it failed to comply with Crim.R.11(C)(2)(a) during the plea hearing.

      The trial court erred when it failed to comply with R.C. 2929.19(B)(2)(a) and (B)(2)(b) during the sentencing hearing.

GROUND THREE:      Trial counsel provided ineffective assistance of counsel in violation of defendant's right to counsel, as protected by the Sixth Amendment to the United States [Constitution].[60]

The court issued an order to show cause to the state on June 11, 2015.[61] The State filed a return of the writ[62] with a state court record.[63] Wells filed a traverse.[64] Wells filed a motion for leave to amend traverse and an amended traverse.[65] The Court granted the motion for leave to amend the traverse and deemed the amended traverse filed.

## 2. *Amended petition*

In an amended petition[66] Wells, *pro se*, raised two new grounds for relief:[67]

---

[60] *Id.* at 3.

[61] ECF # 7.

[62] ECF # 10.

[63] ECF # 11.

[64] ECF # 12.

[65] ECF # 17.

[66] ECF # 14.

[67] These grounds are in addition to the grounds of the first habeas petition. The amended petition is in effect a supplemental petition because it does not supercede the original petition.

GROUND ONE: Trial counsel provided ineffective assistance of counsel, in violation of defendant's right to counsel, as protected by the 6th Amendment to the United States [Constitution].

GROUND TWO: Trial counsel provided ineffective assistance of counsel in violation of defendant's right to counsel, as protected by the 6th amendment to the United States [Constitution].[68]

The court issued an order to show cause to the State.[69] The State filed a return of the writ.[70] Wells filed a traverse with nine attachments.[71] Wells filed a motion for leave to amend traverse[72] and an amended traverse.[73] The court granted the motion[74] and deemed the amended traverse filed.[75]

### 3.     *Motion for summary judgment*

On October 20, 2015 Wells, *pro se*, filed a motion for summary judgment under Civ.R. 56, challenging his plea and sentence.[76] The state filed an opposition to the motion

---

[68] ECF # 14 at 5-7.

[69] ECF # 15.

[70] ECF # 21.

[71] ECF # 25.

[72] ECF # 28.

[73] ECF # 30.

[74] ECF # 29.

[75] *Id.*

[76] ECF # 16.

-11-

for summary judgment.[77]  The Court denied the motion for summary judgment, without prejudice, as premature.[78]

### 4.    Second motion for summary judgment

On January 27, 2016, Wells filed a motion for summary judgment.[79]  The court issued a report and recommendation that the motion be denied, without prejudice to a final disposition of the petition on full review.[80] Wells filed an objection to the report and recommendation.[81] The assigned District Judge denied the motion for summary judgment, rendering the report and recommendation moot.[82]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Wells was in state custody as a result of his conviction and sentence by an Ohio court, and that he was incarcerated at the time he filed this petition. Thus, Wells meets the "in custody" requirement of the federal habeas corpus statute vesting this Court with jurisdiction over this petition.[83]

---

[77] ECF # 22.

[78] ECF # 18.

[79] ECF # 31.

[80] ECF # 34.

[81] ECF # 35.

[82] ECF # 36.

[83] *See* 28 U.S.C. § 2254(a) (2012); *see Ward v. Knoblock,* 738 F.2d 134, 138 (6th Cir. 1984).

-12-

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under an applicable statute.[84]

3.      In addition, Wells states, and my own review of the docket in this court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[85]

5.      Finally, Wells has not requested the appointment of counsel,[86] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[87]

## B.    Standards of review

### 1.   *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[88]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[89]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged

---

[84] *See* 28 U.S.C § 2254(d)(1) (2012); *see Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[85] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[86] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[87] 28 U.S.C. § 2254(e)(2).

[88] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[89] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

violations of its prisoners' federal rights."[90]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[91] presenting his or her claim to "*each appropriate state court*."[92]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[93]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[94]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[95]

> (1)    "[T]here must be a state procedure in place that the petitioner failed to follow."[96]

---

[90] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[91] *O'Sullivan*, 526 U.S. at 845.

[92] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[93] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[94]  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[95] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[96]  *Id.* (citing *Maupin*, 785 F.2d at 138).

-14-

(2)     "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[97]

(3)     "[T]he state procedural rule must be an 'adequate and independent state ground,'[98] that is both 'firmly established and regularly followed.'"[99]

(4)     The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[100]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[101]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[102]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[103]

---

[97] *Id.*

[98] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[99] *Id.* (citation omitted).

[100] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[101] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[102] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[103] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[104]

## 2.    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996[105] ("AEDPA") increased the deference the federal courts must give to state court decisions in habeas corpus cases. AEDPA's provisions apply to all habeas corpus petitions brought after its effective date, April 24, 1996.[106] AEDPA, therefore applies to Wells petition, which he filed on May 14, 2015.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[107]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

---

[104] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[105] Pub. L. No 104-132, 110 Stat. 1214 (1996).

[106] *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

[107] *See* 28 U.S.C. § 2254 (2012).

-16-

(2)      resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[108]

The Supreme court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[109] and "difficult to meet,"[110] this, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[111]

### a.     *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established [f]ederal law" includes only Supreme Court holdings and does not include dicta.[112] There are two ways that a state court decision can be "contrary to" clearly established federal law:[113] (1) where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[114] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[115] A state court's decision does not rise

---

[108] 28 U.S.C. § 2254(d) (2012).

[109] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)(citation omitted).

[110] *Id.*(citation omitted).

[111] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[112] *Howes v. Fields*, 132 S.Ct. 1181, 1887 (2012)(quoting *Williams v. Taylor*, 529 U.S. at 412).

[113] *Brumfield v. Cain*, 135 S.Ct. 2269, 2289 (2015).

[114] *Id.*

[115] *Id.*

to the level of being "contrary to" clearly established federal law simply because that court did not specifically cite the Supreme Court.[116]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[117]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[118]  Where no such Supreme Court holding exists, the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the fats of the petitioner's case.[119]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[120]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[121]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error

---

[116] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)(per curiam).

[117] *Id.*

[118] *See id.*

[119] *Woodall*, 134 S.Ct. at 1699 (quoting *Williams*, 529 U.S. 362, 407 (2000)).

[120] *Id.* at 1702 (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76 (2003)).

[121] *Id.*

well understood and comprehended in existing law beyond any possibility for fairminded

disagreement."[122] Under the "unreasonable application" clause, the federal habeas court must

grant the writ if the State court adopted the correct governing legal principle from a Supreme

Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

Where the state court application is not unreasonable however, the federal habeas court must

deny the petition.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas

court accord the state trial courts substantial deference:[123] Under § 2254(e)(1), "a

determination of a factual issue made by a [s]tate court shall be presumed to be correct."[124]

A federal court may not characterize a state court factual determination as unreasonable

"merely because [it] would have reached a different conclusion in the first instance."[125] While

such a deference to state court determinations does not amount to an "abandonment or

abdication of judicial review" or "by definition preclude relief,"[126] it is indeed a difficult

standard to meet.  As such, the proper role of a federal habeas court is to "guard against

---

[122] *Id.* (quoting *Richter*, 562 U.S. at 103).

[123] *Brumfield*, 135 S.Ct. at 2277.

[124] 28 U.S.C. § 2254(e)(1) (2012).

[125] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

[126] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.")(internal quotation marks omitted)).

extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute it's own opinions for the determination made on the scene by the trial judges."[127]

### 3.    *Guilty plea in habeas proceedings*

The federal law on the requirements for a valid guilty plea are well-established. A guilty plea is more than a confession admitting that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.[128] As such, a plea waives the right to trial before a judge or jury and, therefore, must be made voluntarily and intelligently,[129] as determined under the totality of the circumstances.[130] The Constitution requires that the totality of the circumstances reflect that the defendant is informed of the direct consequences of the plea.[131] Moreover, a valid plea must be a voluntary and intelligent choice among the alternative courses of action open to the defendant.[132]

In a habeas proceeding, the State bears the burden of showing the petitioner's plea was valid and usually does so by producing a transcript of the plea hearing.[133] Although no

---

[127] *Davis v. Ayala*, 135 S.Ct. 2187,  2277 (2015) (quoting *Wood*, 558 U.S. at 301).

[128] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[129] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

[130] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[131] *Id.* at 755.

[132] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[133] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

exact recital of waived rights is required, the record should reflect a full understanding of the direct consequences of the plea, so that it is clear that the plea represents a voluntary and intelligent choice among the alternatives.[134] The court will not presume a valid waiver from a silent record.[135]

Because a valid plea is a solemn declaration of guilt by the defendant, it carries a presumption of truthfulness.[136] In addition, having entered a valid plea, the defendant may not then challenge antecedent non-jurisdictional defects in the proceedings.[137] As the Supreme Court teaches, this is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."[138] Thus, as the Sixth Circuit has recently reaffirmed, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself."[139]

---

[134] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

[135] *Boykin*, 395 U.S. at 243.

[136] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[137] *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

[138] *Id.* at 267.

[139] *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012).

### 4. *Ineffective assistance of counsel*

*a. Trial counsel*

Claims of ineffective assistance of counsel are adjudicated pursuant to the well-known standard of *Strickland v. Washington*.[140]  In *Strickland*, the Supreme Court articulated a two-part test that a defendant must satisfy to establish a Sixth Amendment violation:  (1) "the defendant must show that counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense."[141]

Under the first prong of deficient performance, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness."[142]  In making that determination, the court must be highly deferential to counsel's actions; that is, it "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance ... [such] that under the circumstances, the challenged action 'might be considered sound trial strategy.'"[143]  Actions should not be evaluated in hindsight, but from the perspective of circumstances at the time of the alleged errors.[144]  The key is not whether counsel's choices ultimately were strategically beneficial, but whether they were

---

[140] *Strickland v. Washington*, 466 U.S. 668 (1984).

[141] *Id.* at 687.

[142] *Id.* at 688.

[143] *Id.* at 689 (internal citations omitted).

[144] *Id.* at 690.

reasonable at the time.[145]  To that end, counsel must make a reasonable investigation into possible alternatives, but once having done so, will be presumed to have acted reasonably in selecting the action taken.[146]

To show prejudice under *Strickland*'s second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[147]  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[148]  In arriving at that determination, courts are to "consider the totality of the evidence before the judge or jury."[149]

Both of the prongs of the test must be met in order for the writ to issue; thus, courts need not address the issue of deficient performance if the petitioner cannot establish prejudice.[150]

b.    *Appellate counsel*

Under *Strickland v. Washington*,[151] a petitioner establishes ineffective assistance of counsel by showing first that counsel's performance was deficient and then that this deficient

---

[145] *Roe v. Flores*, 528 U.S. 470, 481 (2000).

[146] *Strickland*, 466 U.S. at 691.

[147] *Id*. at 694.

[148] *Id*.

[149] *Id*. at 695.

[150] *Id*. at 697.

[151] *Strickland,* 466 U.S. 668.

performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[152]  Although *Strickland* involved the ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel.[153]  In either instance, both prongs of the *Strickland* test must be met in order for the writ to be granted; thus, courts need not address the issue of competence if the claim can be disposed of for failure to show prejudice.[154]

In reviewing counsel's performance, the court recognizes that counsel is presumed to have rendered adequate assistance.[155]  The reviewing court must not engage in hindsight but should evaluate counsel's performance within the context of the circumstances existing at the time of the alleged errors.[156]

The key is not whether counsel's choices were strategic but whether they were reasonable.[157]  To that end, counsel has a duty to make reasonable investigation into possible alternatives but, having done so, will be presumed to have made a reasonable decision in choosing.[158]

---

[152] *Id.* at 687.

[153] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[154] *Strickland*, 466 U.S. at 697.

[155] *Id.* at 690.

[156] *Id.*

[157] *Roe*, 528 U.S. at 481.

[158] *Strickland*, 466 U.S. at 691.

In the context of appeal, an appellate attorney need not raise every possible issue on appeal to be effective.[159]  Effective appellate advocacy often requires that the attorney select only the most promising issues for review.[160]  In addition, there can be no ineffectiveness in failing to argue a non-meritorious issue.[161]

With respect to the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.[162]  A reasonable probability is a probability sufficient to undermine confidence in the outcome.[163]

## C.    Application of standards

### 1.    *Original habeas petition*

a.    *Ground One – alleging that the appellate counsel erred when he failed to raise how the trial court abused it's discretion during the penalty phase (judicial bias) – should be denied after ADEPA review: The appellate counsel did not meet the federal standard for ineffective appellate counsel set forth by Strickland v. Washington.*

Wells's first ground,[164] that the appellate counsel erred when he failed to raise the trial court's abuse of discretion during the penalty phase, should be denied after ADEPA review.

---

[159] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

[160] *Id.*

[161] *Strickland*, 466 U.S. at 698.

[162] *Id.* at 694.

[163] *Id.*

[164] ECF # 1 at 5.

As the state appeals court correctly held,  the appellate counsel did not meet the federal standard for ineffective appellate counsel set forth by *Strickland v. Washington.*[165]

In this ground, Wells alleged that the trial court used "bias and prejudic[ial] remarks towards him, committing prejudicial error and depriving him of his federal rights to due process."[166]  He argued that by failing to appeal their apparent abuse of judicial discretion, his appellant counsel provided ineffective assistance, thus violating Wells's due process rights.[167]  The state court of appeals held that there was no judicial bias demonstrated during the sentencing phase.  The appellate counsel, therefore, was not ineffective for failing to raise the issue on appeal.[168]

Ineffective assistance of appellate counsel is governed by the *Strickland* standard, which requires that the performance of counsel must be shown as deficient and the deficiency prejudicial to the defense.[169]  Appellate counsel are not required to raise every possible issue on appeal; rather they must raise only those that seem most promising or meritous.[170]

To determine if Wells's appellate counsel, using the wide range of discretion afforded him by the courts, fell below the objective standard of reasonableness, the actions of the

---

[165] *Strickland,*  466 U.S. 668.

[166] ECF # 1 at 5.

[167] *Id.*

[168] ECF # 11-2 at 286.

[169] *Strickland,* 466 U.S. 668.

[170] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

-26-

during sentencing must be examined.  If the actions of the sentencing judge did not demonstrate judicial bias, the appellate attorney did not perform in a deficient manner by not assigning judicial bias as error.

For a judge to be found prejudiced or biased under Ohio law, he must demonstrate "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigant or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge."[171]  A trial judge is permitted to form "an opinion based upon facts introduced or events occurring during the course of the current or prior proceedings."[172]

During the sentencing hearing, the judge in Wells's case stated as to the sentence, "I wish it were more" and "If I could, I'd put him in prison for the rest of his life."[173] The state court of appeals found that these statements, considering Wells had an extensive criminal history and the nature of the crime, do not display any evidence that they were rested upon extrajudicial sources.[174]  The prison sentence given by the judge was within sentencing guidelines and in accordance with the defendant's history and a need to protect the public.

---

[171] *State v. Dean*, 937 N.E.2d 97 (Ohio 2010)(quoting *Pratt v. Weygandt*, 132 N.E.2d 191 (Ohio 1956)).

[172] *State v. Dean*, 937 N.E.2d 97 (Ohio 2010)(quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[173] ECF # 11-1 at 47-48 (sentencing transcript).

[174] *Id.* at 286 (Ohio court of appeals decision denying application for reopening).

The consecutive prison sentences were found by the state appeals court to have been given without the proper findings.[175]  During resentencing, the court made the proper findings for consecutive sentences and again imposed them.[176]

The state appeals court found that the attorney acted within an objective standard of reasonableness, when he chose not to appeal on this issue.[177]  The state appeals court properly applied the federal standard for determining ineffective appellant counsel and in accordance with AEDPA standard of review, it did not apply the law in a clearly erroneous way nor did the proceedings result in an unreasonable determination of the facts.[178]

Accordingly, ground one should be denied.

b.    *Ground Two – alleging that the trial court erred when it failed to comply with Ohio Crim. R. 11(C)(2)(a) during the plea hearing and Ohio Revised Code §§ 2929.19(B)(2)(a) and (B)(2)(b) during the sentencing hearing – should be denied because the guilty plea is constitutionally valid.*

Wells's second ground,[179] that the trial court erred when if failed to comply with Ohio Crim. R. 11(C)(2)(a) during the plea hearing and Ohio Revised Code §§ 2929.19(B)(2)(a) and (B)(2)(b) during the sentencing hearing should be denied.  As the state appeals court held,  the guilty plea was constitutionally valid.

---

[175] *Id.* at 2-4 (Ohio court of appeals reversing and remanded sentencing after original direct appeal).

[176] *Id.* at 193.

[177] ECF # 11-2 at 286.

[178] *Id.*

[179] ECF # 1 at 6.

In this ground, Wells argues that the court did not comply with Ohio Crim. R. 11(C)(2)(a) during the change of plea hearing when it did not inform him of the maximum penalties involved with his plea, specifically that the sentence was mandatory.[180] He argues that this makes his plea less than knowing, voluntarily, and intelligently.[181]  In addition, Wells argues that the court did not comply with Ohio Revised Code §§ 2929.19(b)(2)(a) and (B)(2)(b) during the sentencing hearing because it failed to inform him that his sentence was mandatory.

The Supreme Court has held that a defendant must be fully informed of the consequences of his guilty plea taking into account the totality of the circumstances.[182] Wells claimed that if the court informed him of the maximum penalties, he would not have pled guilty.[183] Thus, although framed by references to Ohio law, this claim is cognizable as a federal claim in this court.

Wells claim fails for two reasons; first, as the state appeals court held, the trial court transcript clearly shows that Wells guilty plea was made voluntarily, knowingly, and intelligently; second, the sentence imposed by the judge was not mandatory.

Under Ohio Crim.R. 11(C)(2)(a), the trial court must engage in an oral dialogue with the defendant in order to determine whether the defendant understands the nature of the

---

[180] *Id.* at 7.

[181] *Id.*

[182] *Brady v. United States*, 397 U.S. 742, 749, 755 (1970).

[183] ECF # 1 at 6-8.

charge and maximum penalty, the effect of the guilty plea, and the constitutional rights waived by a plea of guilty.[184] The transcript shows that the prosecutor detailed the proposed plea terms and range of punishment.[185]  It also shows that Wells verbally indicated that he understood that he was waiving some of his constitutional rights, admitting the truth to the charges, and that he understood the possible penalties.[186]    The transcript shows the trial court fully complied with the mandatory requirements of Ohio Crim.R. 11 (C)(2)(a).

Wells claims that the trial court failed to inform him that the prison term for rape was mandatory, citing Ohio Revised Code § 2929.13(F)(2).  According to Section 2929.13(F)(2), the prison term for rape is mandatory if the defendant is found guilty of violating Ohio Revised Code § 2907.02(A)(1)(b), which occurs when "the other person is less than thirteen years of age, whether or not the offender knows the age of the other person."  Wells plead guilty to a first-degree felony of rape, but without the underage specification.[187] Wells was given the maximum penalty by the judge using his discretion, rather than under a statute requiring a mandatory sentence.  The transcript shows that Wells was informed of his maximum sentence during the plea hearing under Ohio Crim.R. 11(C)(2)(a) and was not

---

[184] Ohio Crim.R. 11(C)(2).

[185] ECF # 11-1 at 45-48.

[186] *Id.*

[187] *Id.*

improperly informed during the sentencing hearing under Ohio Revised Code §§ 2929.19(B)(2)(a) and (B)(2)(b).[188]

The state court of appeals did not unseasonably apply federal law when it held the guilty plea was valid.[189] Accordingly, because the guilty plea was voluntarily made in a knowing and intelligent manner after Wells was properly informed of the penalties by the court, ground two should be denied.

c.  *Ground Three – alleging that trial counsel provided ineffective assistance of counsel, in violation of Wells's right to counsel as protected by the Sixth Amendment to the United States Constitution – should be dismissed because the guilty plea is constitutionally valid.*

Wells's third ground of relief,[190] alleging that trial counsel provided ineffective assistance of counsel in violation of his right to counsel as protected by the Sixth Amendment to the United States Constitution, should be denied because the guilty plea is constitutionally valid.

Wells alleges that he should have been indicted under provision Ohio Revised Code § 2907.02(A)(1)(c) rather than Section 2907.02(A)(1), because medical and police records indicate that the victim was intoxicated at the time of the offense.[191]  Wells argues that his

---

[188] *Id.* at 23-48.

[189] *See Woodall*, 134 S.Ct. At 1699 (quoting *Williams*, 529 U.S. 362 at 407).

[190] ECF # 1 at 10.

[191] *Id.*

counsels failure to use pre-trial motions to challenge the indictment amounted to "ineffective assistance of counsel" under the *Strickland[192]* analysis.[193]

This ground alleges ineffective assistance that predate the valid guilty plea and, therefore, is not subject to habeas review. The Supreme Court has held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense...he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[194] As the analysis in ground two demonstrated, the state appeals court complied with existing federal law when they held that the trial court fully complied with their constitutional duty when accepting the valid guilty plea.

Accordingly, Wells third ground should be denied.

### 2.   *Amended habeas petition*

a.    *Ground One – alleging that trial counsel provided ineffective assistance of counsel, in violation of defendant's right to counsel, as protected by the Sixth Amendment to the United States Constitution – should be dismissed because of procedural default.*

Wells first ground,[195] alleging that trial counsel provided ineffective assistance of counsel in violation of his right to counsel, as protected by the Sixth Amendment, because

---

[192] *Strickland v. Washington*, 466 U.S. 668 (1984).

[193] ECF # 1 at 11.

[194] *Tollet v. Henderson,* 411.U.S. 258, 267 (1973), *abrogated on other grounds by Puckett v. U.S.,* 556 U.S. 129 (2009).

[195] ECF # 14 at 5.

Wells failed to raise this claim during the proper state appellate process and thus procedurally defaulted.

In this ground, Wells alleged that trial counsel gave him incorrect advice regarding the rape shield law, which lead to his decision to plea guilty.[196]  This claim was raised during pleadings for postconviction relief,[197] but this does not satisfy the fair presentation requirements necessary to establish grounds for a claim that this Court may consider on habeas review.[198]

Before a state prisoner may seek a writ of habeas corpus, he must exhaust his state court remedies by fairly presenting his constitutional claims to the highest state court and all prior appropriate state courts.[199]  Wells did not appeal the trial court's denial of his petition for post conviction relief asserting this claim by not presenting this claim to the highest state court, Wells procedurally defaulted.

Wells filed a Ohio App.R.26(B) motion to reopen appeal, which contained grounds that Wells claim satisfies the procedure required to avoid procedural default.[200]  State law

---

[196] *Id.*

[197] ECF # 11-1 at 147.

[198] *West*, 790 F.3d. at 697 (quoting *Picard*, 404 U.S. at 278).

[199] 28 U.S.C. § (b), (c); *Picard*, 404 U.S. at 275-76; *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

[200] ECF # 11-2 at 250.

only allows a review of ineffective appellate counsel under that motion,[201] and even if his ineffective trial counsel claim was reviewed, it would not meet the "fair presentment" requirement.[202] In this motion, he alleged that trial counsel failed to challenge a defective indictment.[203] In the instant petition, he alleges that trial counsel gave him erroneous advice. These are two separate issues and, therefore, the "fair presentment" requirement is not met.

Wells claims that it would be a miscarriage of justice if presentment of the grounds in this petition were not allowed.[204] Nevertheless, Wells does not present any new evidence that could credibly result in "actual innocence."

Accordingly, ground one should be dismissed because of procedural default.[205]

b.     *Ground Two - alleging that trial counsel provided ineffective assistance of counsel in violation of Wells's right to counsel, as protected by the Sixth Amendment to the United States Constitution – should be dismissed because of procedural default.*

---

[201] Ohio App.R. 26(B)(1) ("A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.").

[202] *West*, 790 F.3d at 697 (quoting *Picard*, 404 U.S. at 278).

[203] ECF # 11-2 at 250.

[204] ECF # 14 at 5; ECF # 25 at 3-14.

[205] The court acknowledges that even if procedural default had not occurred, Wells's ground would fail because a voluntary and intelligent guilty plea results in a forfeit of the right to appeal anything that occurred before the guilty plea. In addition, an AEDPA review indicates that there was no unreasonable application of federal law by the state trial court denying the post-conviction relief.

Wells's second ground,[206] alleging that trial counsel provided ineffective assistance of counsel by giving erroneous advice concealing the evidence contained in the police and medical records in violation of defendant's right to counsel as protected by the Sixth Amendment, should be denied because of procedural default.

In this ground, Wells claims that trial counsel gave erroneous advice concealing the information contained within the medical records. According to Wells, the medical and police reports contradict the victims statement regarding the order of events and therefore may be exculpatory.[207]  Wells's claims are:

> (1)    [Trial counsel's] failure to disclose the information in the victims medical records to the petitioner, committing prejudicial error, because the records prove by clear and convincing evidence that the victim was never pushed down and raped.

> (2)    If [the evidence] was presented to the petitioner in a timely fashion, the petitioner would have never agreed to plead guilty and would have insisted on going to trial.

> (3)    No possible fact finder [during a trial, including the exculpatory evidence,] would have found the petitioner guilty of forcible rape under Ohio Revised Code § 2907.02(A)(2).[208]

As explained above, Wells also failed to bring this claim upon direct appeal. The ineffective assistance of counsel presented here could have been decided based upon the

---

[206] ECF # 14 at 7.

[207] *Id.*

[208] *Id.*

record and files of the case.[209] Wells brought these grounds in a petition for postconviction relief, but he did not appeal the denial of the petition. Wells failed to present these claims to the highest state appeals court and, therefore, they are procedurally defaulted.

The Ohio App. R. 26(B) motion to reopen can only lead to an ineffective appellate counsel claim.[210] Despite Wells's statement to the contrary, the claim presented in the motion to reopen, similar to ground one, is substantially different from the claim being presented instantly. The issue in this instant petition has not been fairly presented to the state court, and, therefore, it is not reviewable by this court.

Wells's claim that the failure of his trial counsel to disclose the information in the victims medical records does not involve the introduction of new exculpatory evidence that raises a "credible" claim of factual innocence beyond legal insufficiency.

Accordingly, ground two should be dismissed because of procedural default.[211]

---

[209] *See Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001)(if all facts necessary to develop a claim were available on direct appeal, then the claim *must* be presented on direct appeal).

[210] Ohio App.R. 26(B)(1) ("A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.").

[211] Even if procedural default had not occurred, Wells's ground would fail because a voluntary and intelligent guilty plea results in a forfeit of the right to appeal anything that occurred before the guilty plea. In addition, an AEDPA review indicates that there was no unreasonable application of federal law by the state trial court denying the post conviction relief.

## Conclusion

For the foregoing reasons, I recommend that the petition of Ellord Wells for a writ of habeas corpus be denied and that his amended petition be dismissed as procedurally defaulted.

Dated: August 30, 2016                        s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[212]

---

[212] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-37-