UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ELLORD WELLS,** | ) CASE NO. 1:15 CV 951 |
| | ) |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| | ) |
| vs. | ) <u>**OPINION AND ORDER**</u> |
| | ) |
| **MICHELE MILLER, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (**Doc #: 39** ("R & R").) On July 1, 2015, a state court sentenced Petitioner Ellord Wells to eleven years in prison after he pled guilty to a charge of rape, to be served consecutively with a one-year sentence for a probation violation. An Ohio appeals court affirmed the conviction but reversed and remanded for resentencing. On January 13, 2015, the trial court, under a limited remand, resentenced Wells to the same 11-year term imposed originally, but made the necessary findings on the record to impose a sentence consecutive to the probation-violation sentence. Thereafter, Wells filed a plethora of motions in state court.

On May 14, 2015, Wells filed the pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (**Doc #: 1** ("Petition").) Therein, he raised three grounds for relief that the Respondent contends should be denied after an AEDPA merits review. On October 16, 2015, Wells filed the second pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which the Court is treating as an Amended Petition. (**Doc #: 14** ("Amended Petition").) Therein, he raised two grounds for relief that the

Respondent contends should be dismissed as procedurally defaulted. Wells filed traverses to each return of writ. (Respectively, Doc #: 12, 25.) On September 9, 2016, Wells filed Objections and, on September 19, 2016, he filed a supplement to his Objections – bringing to 48 the total number of pages of Objections. (Respectively, **Doc ##: 40, 41**.)

With respect to the Petition, Wells raises the same arguments that he did in his traverse with respect to Grounds One through Three, all of which the Magistrate Judge addressed fully and correctly. The only ground upon which this Court will expound involves Ground One – judicial bias on the part of the sentencing judge. The Magistrate Judge correctly concluded that the 12-year sentence for rape "was within sentencing guidelines and in accordance with the defendant's history and a need to protect the public." (R & R at 27.) The Court notes only that the sentencing court was understandably frustrated with Wells, who committed the rape while on probation before that court and had a considerable criminal history for a 24-year old man. Such frustration or irritability does not constitute judicial bias. *Liteky v. United States*, 510 U.S. 540 at 551 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.") Wells has shown no deep-seated favoritism or antagonism on the part of the sentencing court.

With respect to the Amended Petition, Wells asserts that trial counsel was constitutionally ineffective because he gave him incorrect advice regarding the rape shield law – precluding Wells from defending himself at trial on the basis that the victim was a prostitute and consented to having sex with him (Ground One). Wells claims that he would never have agreed

to plead guilty and would have insisted on going to trial if he had correct legal advice. He also claims that no reasonable fact finder would have found him guilty of rape. Wells also asserts that trial counsel was constitutionally ineffective because he concealed medical reports and police reports that, he claims, proves that there was "no possible way" the victim could have been pushed on the ground in a dirt field," "this very information would have [] changed the outcome of the proceedings and would have had an adverse effect on [his] decision to plead guilty;" and "no possible fact finder would have found [him] guilty of forcible rape" (Ground Two). (Amended Petition at 7.)  Respondent argued, and the Magistrate Judge agreed, that these claims are procedurally defaulted. The Magistrate Judge set forth an accurate reflection of the record in concluding that Wells procedurally defaulted both grounds, and the Court agrees with his conclusion. The Court also notes that this case does not represent the extremely rare demonstration of a credible claim of actual innocence, *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005), which is factual innocence and not mere legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Court has reviewed the record and the reports, and finds that Wells has failed to set forth a credible claim of factual innocence. The reports do not show that no reasonable factfinder would have found Wells guilty of rape. There is plenty of evidence in the record, including pleading guilty to the fact that he committed rape, that detract from a genuinely credible claim of factual innocence.[1]  In addition to the present claims being procedurally defaulted, Wells has failed to show anything more than legal insufficiency. Citation to *Trevino v. Thaler*, 133 S.Ct. 1911 (2013) in his Objection is therefore unavailing.

---

[1] This evidence includes post-sentencing averments that he was on Seroquel and Celexa when he pled guilty, and that his trial counsel told him to just answer "yes" to every question the sentencing judge asked - both of which contradict the plea colloquy record.

Accordingly, for the reasons already set forth in the R & R, the Objections (**Doc #: 40, 41**) are **OVERRULED**, the R & R (**Doc #: 39**) is **ADOPTED**, the Petition (**Doc #: 1**) is **DENIED**, and the Amended Petition (**Doc #: 14**) is **DISMISSED**.

**IT IS SO ORDERED.**

 **/s/ Dan A. Polster     September 20, 2016**
**Dan Aaron Polster**
**United States District Judge**