IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| ELLORD WELLS, | ) | CASE NO. 1:15-CV-00951 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN MICHELLE MILLER, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent, | ) | |

## Introduction

Before me by referral[1] is a *pro se* motion by Ellord Wells under Federal Rule of Civil Procedure 60(b)(6) for relief from the September 20, 2016 decision of this Court denying his petition for a writ of habeas corpus.[2] The State has filed a brief in opposition

---

[1] The matter was referred to me for a report and recommendation by United States District Judge Dan Aaron Polster in a non-document order entered on February 18, 2021.
[2] ECF No. 54.

1

to the motion,[3] to which Wells has filed a response[4] and an amended response.[5] For the following reasons, I will recommend denying Wells's motion for relief from judgment.

## Procedural History

On September 20, 2016, this Court denied Wells's habeas petition.[6] In so doing, the Court adopted, over two objections by Wells,[7] a report and recommendation to that end.[8]

Later in 2016, Wells thereupon appealed from that decision to the Sixth Circuit Court of Appeals,[9] which granted a certificate of appealability as to the single claim that Wells 'appellate counsel render ineffective assistance by not arguing that the trial court erred in failing to inform Wells of the mandatory nature of his sentence when accepting his guilty plea.[10] In 2018, the Sixth Circuit affirmed the decision of the district court[11] and

---

[3] ECF No. 59.
[4] ECF No. 59.
[5] ECF No. 60. On March 12, 2021 Wells had moved for additional time to file a response to the State's memorandum in opposition which was filed on March 3, 2021. ECF No. 58. In the absence of a ruling on the motion for additional time, Wells filed his response to the State's brief in opposition on March 22, 2021. ECF No. 59. Under Local Rule 7.1(e), Wells was entitled to a total of 17 days to file his response (14 days plus an added 3 days because he received service by mail). Because Wells timely sought an extension of time for filing, and because he diligently filed the response within 19 days, his motion for additional time to file is here granted *nunc pro tunc*.
[6] ECF No. 43.
[7] ECF Nos. 40, 41.
[8] ECF No. 39.
[9] ECF No. 44.
[10] ECF No. 45.
[11] ECF No. 50.

2

denied Wells's motion for rehearing.[12] Wells then unsuccessfully sought a writ of certiorari from the United States Supreme Court.[13]

Nearly two years later, in a proceeding that will be more fully discussed below, Wells unsuccessfully sought to have the Sixth Circuit recall the mandate that issued when it affirmed the judgment of the district court. Approximately eight months after that, Wells filed the present motion for relief from judgment.[14]

### The Motion for Relief From Judgment

The motion centers on Wells's allegation that he is entitled to relief from judgment because multiple and successive frauds on the court were perpetrated at various points in the habeas proceeding as to how the sentence for first degree felony rape - the offense to which Wells pled guilty - was described.[15] As argued by Wells, the fraud began when the State, in its return of the writ, incorrectly stated that the punishment for first degree rape was not mandatory because Wells 'guilty plea did not contain any specifications and the offense did not involve a minor.[16]

Wells contends that this misstatement of Ohio law is relevant now, and justifies relief from judgment, because he argued, *inter alia*, in his habeas petition that his appellate counsel was ineffective for not arguing that the trial court erred by failing to inform him of

---

[12] ECF No. 49.
[13] ECF Nos. 51, 52.
[14] ECF No. 54.
[15] See, *id*. at 8, 10, 13, 14.
[16] ECF No. 10 at 72.

3

the mandatory nature of his sentence when accepting his plea.[17] His argument is that he would not have pled guilty if he had known that he faced a mandatory sentence that made him ineligible for judicial release and that the correct statement of Ohio law confirms, contrary to the denial of his habeas claim, that his trial counsel was ineffective for not objecting when the trial court failed to explain the mandatory nature of the sentence.[18]

The State, in its opposition to the present motion to dismiss, makes two related arguments. First, the Sixth Circuit's decision in denying Wells 'motion to recall the mandate concluded, notwithstanding any error by the State in its understanding of the mandatory nature of the sentence, that the Ohio trial court had done enough to advise Wells as to his punishment before accepting the plea.[19] Thus, essentially Wells could not show any prejudice from the actions of trial counsel's failure to object.[20] Next, the State contends that this 60(b)(6) motion – which was submitted more than four years after the district court decision – is unreasonably late.[21] Alternatively, the State urges that this motion be transferred to the Sixth Circuit as a second or successive habeas petition concerning the same conviction and sentence.[22]

As noted, in 2016 the Sixth Circuit granted a certificate of appealability to consider Wells 'habeas claim that "his appellate counsel rendered ineffective assistance by not

---

[17] ECF No. 48 (Sixth Circuit opinion) at 2.
[18] *Id*. at 5.
[19] ECF No. 57 at 4.
[20] ECF No. 48 at 4.
[21] ECF No. 57 at 5.
[22] *Id*. at 6.

arguing that the trial court failed to inform him of the mandatory nature of his sentence when accepting his guilty plea."[23] In reviewing the claim, the Sixth Circuit took note of the State's mistake in interpreting Ohio law in Wells 'case by first noting the State's argument (which Wells here characterizes as the first stage of the "fraud on the court"):

> The respondent contends that Wells did not face a mandatory sentence because he was ineligible for an enhanced sentence under Ohio Revised Code Annotated § 2971.03(A) due to the absence of a sexually violent predator specification conviction. Although the [State's] contention is correct as to his eligibility for an enhanced sentence, Wells still faced a mandatory prison sentence for committing a first-degree felony, and his first-degree felony rape conviction rendered him ineligible for early judicial release.[24]

That said, however, and as noted above, the Sixth Circuit nonetheless found that the trial court, by clearly informing Wells during the plea colloquy that he was pleading guilty to a first-degree felony, had done enough to inform Wells of the punishment he was facing.[25] Further, the Sixth Circuit continued, "[w]hile the court did not inform Wells that he would be ineligible for judicial release, Ohio courts are not required to provide this information as part of the plea colloquy, absent some misstatement elsewhere regarding that fact."[26] Therefore, because any objection by trial counsel in the manner Wells describes would have been without merit, "he has not shown that his [appellate] counsel rendered ineffective assistance in failing to raise this claim on appeal."[27]

---

[23] ECF No. 48 at 2.
[24] *Id*. at 4.
[25] *Id*. at 5.
[26] *Id*.
[27] *Id*.

5

Almost three and half years after this decision, Wells moved the Sixth Circuit to withdraw the mandate whereby it affirmed the judgment of this Court in denying Wells' habeas petition.[28] In making that motion, Wells advanced the same "fraud on the court" argument he makes here to support his Rule 60(b)(6) motion.[29] After setting forth the elements of fraud upon the court, the Sixth Circuit stated:

> Wells cites to nothing that would constitute a fraud upon the court. While Wells complains about statements made by the respondent's counsel, as well as other courts that have reviewed his claims, his complaints merely reflect a disagreement with the legal arguments and conclusions previously made in this case. Ultimately, Wells is attempting to re-argue the merits of the underlying claim, which does not provide a basis for recalling this court's mandate.[30]

In addition, the Sixth Circuit observed:

> If this court were to re-call its mandate now, we would be acting to correct an alleged error over two years after its original decision and seven years after Wells' original state court conviction. To recall the mandate at this late date, despite the additional presumption against doing so in § 2254 cases, would denigrate those interests and constitute an abuse of discretion in the Supreme Court's view.[31]

**Analysis**

The law of the case doctrine generally holds that "a court should not re-consider a matter once resolved in a continuing proceeding."[32] More specifically in that regard,

---

[28] See, ECF No. 53 at 1.
[29] *Id*. at 2. "As the basis for his motion, Wells alleges that our decision resulted from fraud upon the court."
[30] *Id*. at 3.
[31] *Id*. (internal citation omitted).
[32] *Howe v. City of Akron*, 801 F.3d 718, 736 (6th Cir. 2015) (internal quotation omitted).

"[u]nder the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case."[33] To that point, while application of the law of the case doctrine is "discretionary when applied to a coordinate court or to the same court's own decisions, [the district court] cannot depart from the decision of a district court that [the court of appeals] has affirmed."[34]

Here, as noted, the Sixth Circuit has both affirmed the decision of the district court that denied Wells 'habeas petition and further denied a motion to recall its mandate on the same grounds as Wells now asserts as a basis for his Rule 60(b)(6) motion. To that point, I am mindful initially that the fundamental purpose of the law of the case doctrine is to prevent re-litigation of an issue that has already been decided[35] by encouraging efficient litigation and discouraging "indefatigable diehards."[36] I am further mindful that although this doctrine is important, as noted above, as to the treatment of "the same issues in subsequent stages of the same case,"[37] it is mandatory when a district court must consider that doctrine in light of a decision that an appellate court has affirmed.

Accordingly, I recommend denying Wells 'Rule 60(b)(6) motion under the law of the case doctrine. The Sixth Circuit's decisions affirming the district court's judgment denying the petition for habeas relief and in denying Wells 'motion to recall the mandate,

---

[33] *Bowling v. Pfizer*, 132 F.3d 1147, 1150 (6th Cir. 1998) (citation omitted).
[34] *Id*. (citations omitted).
[35] *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) (citations omitted).
[36] *Howe*, 801 F.3d at 740.
[37] *GMAC Mortgage, LLC v. McKeever*, 651 Fed. Appx. 332, 339 (6th Cir. 2016) (citation omitted).

addressed and resolved the issue presented by this motion and this district court "cannot depart" now from its earlier decision that the Sixth Circuit has affirmed.

## Conclusion

For the reasons stated, I recommend denying the motion of Ellord Wells under Rule 60(b)(6)[38] for relief from this Court's judgment[39] denying his petition for a writ of habeas corpus, as affirmed on appeal.[40]

IT IS SO RECOMMENDED.

Dated: July 30, 2021 

s/William H. Baughman Jr.
United States Magistrate Judge

---

[38] ECF No. 54.
[39] ECF No. 42.
[40] ECF No. 50.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh=g denied*, 474 U.S. 1111 (1986).