IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELLORD WELLS, ) | Case No. 1:15 CV 0951 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| WARDEN MICHELLE MILLER ) | **OPINION & ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On February 17, 2021, Petitioner Ellord Wells filed a pro se motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). ECF Doc. 54. On July 30, 2021, Magistrate Judge William Baughman recommended that the Court deny Wells's motion. ECF Doc. 61. The Court has made a de novo determination of the magistrate judge's report and recommendation. For the reasons stated below, the Court overrules Wells's objections, adopts the R&R in its entirety, and denies Wells's motion for relief from judgment.

**I.  Background**

In 2013, Wells pleaded guilty to rape, and the trial court sentenced him to eleven years of imprisonment, which were to run consecutively to a one-year sentence imposed in a separate case. On appeal, the Ohio Court of Appeals affirmed Wells's sentence in part but remanded the case because the trial court had not made the necessary findings for imposing a consecutive

sentence. *State v. Wells,* 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032 (July 10, 2014). The Ohio Supreme Court then denied leave to pursue a delayed appeal from the decision.

Upon remand from the Ohio Court of Appeals, Wells filed a motion to withdraw his guilty plea, arguing that he did not enter a knowing and voluntary plea because the trial court did not inform him of the mandatory penalties. The trial court denied the motion. Wells then filed a second motion to withdraw his guilty plea asserting essentially the same claim. The court also denied this motion. The court then resentenced Wells to the same eleven-year sentence and made the necessary findings for having that sentence run consecutively to Wells's separate one-year sentence.

In 2015, Wells filed a § 2254 petition including a claim that his appellate counsel rendered ineffective assistance by not arguing that the trial court failed to inform him of the mandatory nature of his sentence when accepting his guilty plea. Over Wells's objections, the Court adopted the magistrate judge's report and recommendation and dismissed Wells's habeas petition. *Wells v. Miller*, No. 1:15 CV 951, 2016 WL 5024166 (N.D. Ohio Sept. 20, 2016). The Sixth Circuit affirmed. *Wells v. Potter*, No. 16-4133, 2018 U.S. App. LEXIS 1874, 2018 WL 1614273 (6th Cir. Jan. 24, 2018), *cert. denied*, 139 S. Ct. 226 (2018). After denying Wells's petition for rehearing, the Sixth Circuit issued its mandate on April 13, 2018. ECF Doc. 50. The Sixth Circuit also denied Wells's motion to recall the mandate on June 30, 2020. ECF Doc. 53.

On February 17, 2021, Wells filed the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Magistrate Judge Baughman's R&R recommends denial based on the law of the case doctrine. ECF Doc. 61. He reports that the Sixth Circuit has already rejected Wells's arguments and the law of the case controls.

2

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. Wells's Objections

Wells filed several objections to Magistrate Judge Baughman's report and recommendation, but his most recent objection states that it supersedes his two prior objections and the prior objections should not be given any consideration. ECF Doc. 68 at 1. For this reason, the Court limits its consideration to Wells's second amended objection to the magistrate's report and recommendation. ECF Doc. 68. Wells's objections are difficult to

3

decipher, and some of them are unrelated to the magistrate judge's R&R. For example, Wells argues that his 60(b) motion was timely, despite the fact that the magistrate's recommendation is unrelated to its untimeliness. ECF Doc. 68 at 7-8.

Wells's objection claims various frauds have been committed on the Court by both the respondent and the magistrate judge. As noted, he made similar arguments to the Sixth Circuit, and they were rejected:

> Wells cites to nothing that would constitute a fraud upon the court. While Wells complains about statements made by the respondent's counsel, as well as other courts that have reviewed his claims, his complaints merely reflect a disagreement with the legal arguments and conclusions previously made in this case. Ultimately, Wells is attempting to re-argue the merits of the underlying claim, which does not provide a basis for recalling this court's mandate.

ECF Doc. 53 at 3. After considering the Sixth Circuit's decision, the Court finds that Magistrate Judge Baughman is correct — if this Court were to grant Wells's motion for relief from judgment, it would be contradicting the Sixth Circuit's order affirming that judgment and denying a recall of its mandate.

The law of the case doctrine generally holds that "a court should not re-consider a matter once resolved in a continuing proceeding." *Howe v. City of Akron,* 801 F.3d 718, 736 (6th Cir. 2015). "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer*, 132 F.3d 1147, 1150 (6th Cir. 1998). The law of the case doctrine is "discretionary when applied to a coordinate court or to the same court's own decisions," but the Court cannot depart from a decision of the Sixth Circuit, a reviewing court. *Id.*

The primary complaint in Wells's 60(b) motion stems from the Sixth Circuit recognizing a misplaced argument that Wells did not face a mandatory sentence because he was ineligible for

4

an enhanced sentence under Ohio Rev. Code § 2971.03(A). ECF Doc. 48 at 5. The relevant portion of the Sixth Circuit's order states:

> Wells has not demonstrated that the Ohio courts' denial of this claim was an unreasonable application of federal constitutional law. Wells pleaded guilty to rape in violation of Ohio Revised Code Annotated § 2907.02(A)(2), which is a first-degree felony. *See* Ohio Rev. Code Ann. § 2907.02(B). For a first-degree felony under Ohio law, the prison term can range from three to eleven years, *see* Ohio Rev. Code Ann. § 2929.14(A)(1), and the trial court imposed on Wells the maximum sentence allowable by the statute. The respondent contends that Wells did not face a mandatory sentence because he was ineligible for an enhanced sentence under Ohio Revised Code Annotated § 2971.03(A) due to the absence of a sexually violent predator specification conviction. Although the respondent's contention is correct as to his eligibility for an enhanced sentence, Wells still faced a mandatory prison sentence for committing a first-degree felony, *see* Ohio Rev. Code Ann. § 2929.13(F); Ohio Rev. Code Ann. § 2929.14(A)(1), and his first-degree felony rape conviction rendered him ineligible for early judicial release. *See* Ohio Rev. Code Ann. § 2929.20(J)(1); *see also State v. Long*, No. 28214, 2017 WL 2672462, at *2 (Ohio Ct. App. June 21, 2017) (stating "a rape conviction carries a mandatory prison term 'whereby the defendant is ineligible for judicial release'"); *State v. Nian*, No. 15CAA070052, 2016 WL 4039205, at *6 (Ohio Ct. App. July 25, 2016) (stating "rape Case: 16-4133 Document: 26-1 Filed: 01/24/2018 Page: 4 (4 of 6) conviction carries a mandatory prison term and the defendant is ineligible for judicial release"); *State v. Miller*, No. 2014-G-3193, 2014 WL 7357486, at *4 (Ohio Ct. App. Dec. 29, 2014).
>
> Wells maintains that he would not have pleaded guilty if he had understood that he faced a mandatory sentence and would be ineligible for judicial release. However, the trial court clearly informed him during the plea colloquy that rape was a first-degree felony, for which he faced a prison sentence of three to eleven years. While the court did not inform Wells that he would be ineligible for judicial release, Ohio courts are not required to provide this information as part of the plea colloquy, absent some misstatement elsewhere regarding that fact. *See State v. Williams,* Nos. 104078/104849, 2017 WL 1742646, at *3 (Ohio Ct. App. May 4, 2017); *State v. Walker*, Nos. 2013 CA 8/2013 CA 9, 2014 WL 603278, at *2 (Ohio Ct. App. Feb. 14, 2014); *State v. Silvers,* 907 N.E.2d 805, 808 (Ohio Ct. App. 2009); *State v. Byrd*, 899 N.E.2d 1033, 1038 (Ohio Ct. App. 2008). Because Wells's challenge to the trial court's plea colloquy is without merit, he has not shown that his counsel rendered ineffective assistance in failing to raise this claim on appeal. See *Moore*, 708 F.3d at 776.

ECF Doc. 48 at 4-5.

While respondent's misplaced argument was technically correct, Wells *did* face a mandatory sentence under a different statute, Ohio Rev. Code § 2971.03(A). The Sixth Circuit

5

clearly explained this in its order. ECF Doc. 48 at 5. Nonetheless, the correct identification of the statute requiring a mandatory sentence was irrelevant to Wells's ineffective assistance of appellate counsel claim. That was so because the trial court was not required to inform Wells that he would be ineligible for judicial release.[1] Consequently, counsel was not ineffective for failing to raise this meritless claim on appeal. Based on this logical analysis, the Sixth Circuit concluded that Wells's challenge to the trial court's plea colloquy lacked merit and affirmed the denial of his habeas argument that appellate counsel should have raised such a claim. ECF Doc. 48 at 5.[2]

    Wells argues that a fraud has been committed on the Court by the failure of respondent and the magistrate judge to identify respondent's misplaced argument related to the mandatory sentence. But, as already explained, the Sixth Circuit found that the misidentification of the statute making Wells's sentence mandatory was irrelevant. The respondent and magistrate judge were not attempting to mislead this Court by failing to identify an error. Rather, it appears that respondent simply attributed the mandatory aspect of Wells's sentence to the wrong statute; it was unnecessary for the magistrate judge to identify this error. No fraud has been worked upon the Court. Moreover, because the Sixth Circuit has already rejected this "fraud on the court" claim raised in Well's objection, the magistrate judge correctly determined that this argument was precluded by the law of the case.

---

[1] The analysis would be different if the trial court had given Wells incorrect information regarding judicial release during his plea colloquy. See *State v. Williams*, Nos. 104078/104849, 2017 WL 1742646, at *3 (Ohio Ct. App. May 4, 2017); *State v. Walker,* Nos. 2013 CA 8/2013 CA 9, 2014 WL 603278, at *2 (Ohio Ct. App. Feb. 14, 2014); *State v. Silvers*, 907 N.E.2d 805, 808 (Ohio Ct. App. 2009); *State v. Byrd*, 899 N.E.2d 1033, 1038 (Ohio Ct. App. 2008).
[2] The Court notes that Wells complains that the Sixth Circuit's decision referenced in the magistrate judge's R&R is not accessible on the clerk's docket for the Northern District of Ohio. ECF Doc. 48. That is because the Sixth Circuit directly sent this order to Wells, and it is located on the Sixth Circuit's docket as Document 26-1.

Because Wells's motion is precluded by the law of the case and lacks merit, the Court hereby OVERRULES his second amended objection, ADOPTS the R&R, and DENIES Wells's motion for relief from judgment. ECF Doc. 54.

IT IS SO ORDERED.

Dated: September 13, 2021

                                                  *s/Dan Aaron Polster*
                                                  United States District Judge